DANIEL C. DECARLO, SB# 160307
  E-Mail: decarlo@lbbslaw.com
LEO A. BAUTISTA, SB# 149889
  E-Mail: bautista@lbbslaw.com
DANIEL R. LEWIS, SB# 260106
  E-Mail: drlewis@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California  90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for NOW & ZEN PRODUCTIONS, L.L.C., a Colorado Limited Liability Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| J.S. HAUTE STUFF, L.L.C., a California Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> NOW & ZEN PRODUCTIONS, L.L.C., a  Colorado Limited liability Company and Does 1 to 10 inclusive, <br><br> Defendant. | CASE NO. CV09-3094 R (AGRx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Complaint filed: April 6, 2009 <br><br> The Hon. Manuel L. Real |

**IT IS HEREBY STIPULATED** between the parties to this action, by their respective undersigned counsel of record, that all disclosures of any kind or form obtained by any party in connection with this Action shall be governed by the following terms and conditions:

4817-6908-5955.1

1

[proposed] Stipulated Protective Order

**WHEREAS** the parties wish to minimize the disclosure of Confidential Information as defined herein and wish to prevent all Confidential Information from all unauthorized disclosures:

**STATEMENT OF THE PARTIES' GOOD CAUSE:** The Parties have met and conferred regarding the need for a protective order to protect confidential and proprietary information. Also, a primary element of this case is related to the Plaintiff's claim that because of the Defendant's alleged wrongful acts, Plaintiff has lost substantial business to the retailer Nordstrom. Both parties therefore recognize and agree that extensive discovery of Nordstrom is necessary in the form of Nordstrom document subpoenas requesting financial information, market information and other information relevant to Plaintiff's claims. There will also be multiple depositions of Nordstrom personnel and such person will likely be asked to answer questions on these potentially sensitive subject areas. Defendant's counsel have already communicated with Nordstrom regarding the scope of the supboena and other logistical issues related to discovery and Nordstrom has indicated preliminarily that a protective order will likely be required. For these reasons, the parties believe that a protective order is necessary for the orderly management of the litigation. Without a protective order, the exchange of party information, as well as information needed from third parties, including most importantly Nordstrom may become logistically very difficult, time consuming and expensive.

**NOW, THEREFORE**, the parties agree as follows:

**A. Definition of "Confidential Information"**

1. "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

(a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use;

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

(c) is otherwise regarded by a party as being confidential, private, or proprietary in nature.

2. Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

**B. Production of Confidential Information**

1. All efforts by any party or witness in this matter to designate any information as "Confidential," shall be governed by the terms of this Order. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2. All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information ) during the course of this matter shall be designated "Confidential."

3. All documents, testimony, and things that are deemed appropriate for designation pursuant to this Order as Confidential shall be so designated at a time prior to disclosure as follows:

(a) for documents and things this means prior to delivery;

1       (b)  for discovery or trial deposition testimony this means prior to the giving of the answer on the record by the deponent to the extent reasonably possible.

In the event that any document, thing, or testimony is not appropriately and timely so designated, then the Disclosing Party may to its own prejudice attempt to belatedly designate any such document, thing, or testimony by appropriate notice. Such, belated designation, however, will be without prejudice to the Receiving Party and anyone else who may have previously received the disclosure without notice of its confidentiality. Thereafter, the Receiving Party shall fully comply with this Order to the extent reasonably possible.

4.  Each court reporter participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts–by the various levels of confidentiality–and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

5.  When any documents, things, or testimony in whatever form is filed or lodged with Court that is designated as "Confidential," they shall be maintained under seal with the United States District Court for the Central District of California, pursuant to this Order, in any appropriate court procedures, or as otherwise ordered by the Court. In so doing, they will be filed in a sealed envelope. The envelope will contain an indication of the general nature of the contents of the envelope, and shall have endorsed thereon the title and docket number of this action and a boldface label conspicuously placed on the front of the said envelope stating:

THIS ENVELOPE CONTAINS DOCUMENTS, THINGS, OR TESTIMONY WHICH ARE 'CONFIDENTIAL" AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. IT IS NOT TO BE OPENED OR THE

CONTENTS DISPLAYED OR REVEALED EXCEPT TO THIS COURT AND ITS STAFF.

### C. Treatment of Confidential Information

Any information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to all employees, officers, and directors of each party of record. It is not necessary that each such person sign this order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this order, its terms, and the consequences of an unauthorized disclosure.

### D. Acknowledgment of Order

Each person required by this Order to sign a statement agreeing to be bound must sign a statement which states the following:

I have read the STIPULATION FOR CONFIDENTIALITY, AND ORDER THEREON issued by the United States District Court for the Central District of California in the matter of *J.S. Haute Stuff, LLC. v. Now And Zen Productions, LLC, case number CV09-3094 R (AGR)* regarding confidentiality of materials designated by the parties and their counsel. I understand and agree to be bound by the terms of this Order.

### E. Agreement of Parties to Order

All parties, their counsel, and all persons agreeing to be bound by this Order will abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District of California, or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

/ / /

/ / /

/ / /



**F. Objection to Designation**

This Agreement does not act as an admission by any Receiving Party that any property designated as "Confidential" by any Disclosing Party is in fact Confidential Property, and each party reserves the right to challenge as improper, by motion or otherwise, the designation by the other party.

**G. Continuing Effect of Order**

At the conclusion of this matter by lapse of all appeal right after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, each party shall promptly return to the other party all materials designated as confidential and shall thereafter continue to respect all obligations hereunder as to such designated materials. The Receiving Party shall not retain any copies of such materials for any purpose including archival without the express written consent of the Disclosing Party, except:

1. for archival purposes, the Receiving Party will be entitled to maintain a record by list or directory for the documents that were received and returned, and copies of all documents filed with the Court that contain Confidential information; and

2. outside counsel of record may retain bona fide work product pursuant to all obligations hereunder as to such designated materials.

**H. Additional Relief**

No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial. The parties expressly agree that any designation of information as "Confidential" pursuant to this order may be challenged by any party on *ex parte* application to the United States District Court for the Central District of California.

## I. Execution of Agreement

This agreement shall be deemed effective as between the parties upon execution by the undersigned stipulating counsel.

DATED: June ___,2009          LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____
Daniel C. DeCarlo
Attorneys for NOW & ZEN PRODUCTIONS, L.L.C., a Colorado Limited Liability Company


DATED: June 26, 2009          JOHNSON & JOHNSON LLP


By: _____
DOUGLAS L. JOHNSON
Attorneys for J.S. HAUTE STUFF, L.L.C.


APPROVED AND SO ORDERED:

The Protective Order shall not apply to any document disclosing a violation of law or order of a court of competent jurisdiction. (R)


DATED: _July 07, 2009____          _____
THE HONORABLE MANUEL L. REAL
United States District Judge

